**IMG-159**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4533
_____

YAN YAN LI,

                             Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A093-396-760)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 22, 2011
Before:  BARRY, HARDIMAN AND COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed June 23, 2011 )
_____

OPINION
_____

PER CURIAM

      Yan Yan Li, a citizen of the People's Republic of China, arrived in the United

States in 2006 as a visitor.  In 2007, she applied for asylum, withholding, and protection

under the Convention Against Torture ("CAT").  The Government subsequently charged

her as removable for overstaying her visa, which she conceded.

In 2008, the Immigration Judge ("IJ") made an adverse credibility determination against Li, denied her relief, and ordered her removed to China. Li appealed the ruling to the Board of Immigration Appeals ("BIA"). The BIA concluded that there was no reason to disturb the adverse credibility finding or the IJ's conclusion that Li did not meet her burdens of proof and dismissed her appeal. Li presents a petition for review, arguing that the BIA erred in upholding the adverse credibility finding. She also contends that she is eligible for asylum, withholding, and CAT relief.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We consider questions of law de novo. See Gerbier v. Holmes, 280 F.3d 297, 302 n.2 (3d Cir. 2002). We review factual findings, like an adverse credibility determination, for substantial evidence. See Butt v. Gonzales, 429 F.3d 430, 433 (3d Cir. 2005). We evaluate whether a credibility determination was "appropriately based on inconsistent statements, contradictory evidences, and inherently improbable testimony . . . in view of the background evidence of country conditions." Chen v. Ashcroft, 376 F.3d 215, 223 (3d Cir. 2004). We afford an adverse credibility finding substantial deference, so long as the finding is supported by sufficient, cogent reasons. See Butt, 429 F.3d at 434.

Li has one child in China, a son. She claimed to have undergone two forced abortions before fleeing to the United States because she wanted to have more children. She reported that the first incident happened in 1995 after she accidentally became pregnant. Li testified that when her pregnancy was discovered she was dragged into a car by enforcement agents and made to go to the hospital where the procedure was performed

2

against her will.  Li testified that she thought that someone in her work unit had informed on her because she may have had nausea or could have been acting lazy at work.  Li also testified that she was fined 5,000 RMB, but she did not keep the receipt.  She was then fitted with an IUD and required to go for check-ups every six months.

Li testified that in 1997, she resigned from her government job and went into business for herself, at which time her medical files, including her reproductive history, were transferred from her work unit to her neighborhood committee.  In 2005, Li became pregnant again after she hired a private doctor to remove her IUD.  Two months into her pregnancy, Li testified that the neighborhood committee discovered the pregnancy and forced her to undergo a second abortion.  She also testified that she was fined 20,000 RMB, and produced a penalty decision letter attesting to that fact.

Based on recent State Department Reports, the IJ stated that he did not believe that China utilized forced abortion with any degree of regularity and therefore would expect from Li very good testimony or documentation in support of her claim. The IJ then pointed to several aspects of Li's testimony that undermined her credibility, and noted the lack of corroborating evidence.  The IJ concluded that Li could not meet her burdens of proof.  "[C]onsidering the  totality of the circumstances and all relevant factors," including Li's demeanor, "inconsistencies and omissions between her testimony and the written statement, the implausibility of an event that underpins [her] persecution claim, and her failure to adequately corroborate her claims," the BIA found no clear error in the IJ's adverse credibility determination or conclusion that Li did not meet her burdens of

3

proof.  R. 7.

We conclude that the adverse credibility determination in this case was supported by sufficient, cogent reasons.  The IJ identified an inconsistency that served to elaborate the account Li gave in her written application.  Specifically, Li testified, but she did not note in her application, that she was dragged into a car in 1995 when she was taken to have a forced abortion.  The IJ also pointed out that Li told the story of the discovery of her pregnancy in 1995 differently on direct- and cross-examinations.  On direct, Li stated that she  was ordered to go the family planning office where she worked, where she was told that she had gotten pregnant and must undergo an abortion.  On cross-examination, Li reported that she was called into the family planning office and asked if she was pregnant (at which point, she admitted that she was).

Furthermore, the IJ's questioning of the vague nature and plausibility of Li's testimony about how the family planning committees found out about her pregnancies finds support in the record.  Li claims that she was forced to abort twice, each time when she was two months pregnant.  However, she could offer nothing more than speculation about how family planning officials discovered her pregnancies.  In support for the adverse credibility finding, the IJ also noted Li's calm demeanor that suggested that she was reciting a story rather than recounting what had happened to her.  An IJ's personal observations of an alien's demeanor during testimony is afforded great deference.  See Dia v. Ashcroft, 353 F.3d 228, 252 n.23 (3d Cir. 2003) (*en banc*).  On the whole, the IJ's adverse credibility finding is supported by the record.

Also, given the areas of vague or inconsistent testimony, the IJ looked for corroboration to determine if Li could meet her burdens of proof. The IJ drew on the 2007 State Department Report, which noted that forced abortions occurred in some cases, to support his conclusion that forced abortions do not occur with regularity. Li did not provide an affidavit from her husband as proof that it happened twice in her case. Her husband could have corroborated at least some of what happened. Li stated that she asked her husband to swear out an affidavit, but that he declined to do so on the grounds that he was too busy to do so. As the IJ noted, busyness was a weak excuse when more than a year passed between the filing of Li's asylum application and her hearing. Furthermore, the IJ and BIA considered that the penalty decision that Li produced described some of Li's social and medical history but did not reference any 1995 abortion or fine. For these reasons, the IJ did not err in concluding that Li did not meet her burdens of proof.

As the IJ's rulings are supported by the record, the BIA did not err in dismissing Li's appeal.[1] Accordingly, we will deny her petition for review.

---

[1] In coming to its conclusion, the BIA, which relied on the factors quoted in its decision, supra, did not improperly find facts despite mentioning that Li returned to China after a trip to Singapore and Malaysia after she got pregnant for the second time after she had her son.

5