**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1114
_____

YAN YAN LI,
                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                    Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A093-396-760)
Immigration Judge:  Honorable Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 3, 2013

Before:  AMBRO, JORDAN and BARRY, <u>Circuit Judges</u>

(Opinion filed: June 3, 2013)
_____

OPINION
_____

PER CURIAM

       Yan Yan Li ("Li") petitions for review of the Board of Immigration Appeals'

denial of her motion to reopen.  For the reasons that follow, we will deny the petition for

review.

I.

In 2008, Yan Yan Li appeared at a removal proceeding before an Immigration Judge ("IJ"). Although Li did not contest the IJ's finding that she overstayed her visa in violation of 8 U.S.C. 1227(a)(1)(B), she sought withholding of removal on the basis of China's family planning policy. The IJ found her testimony lacking in credibility and ordered her removal to China. The Board of Immigration Appeals ("BIA") affirmed in mid-2009. Due to attorney error, Li did not receive notice that her appeal was unsuccessful. Upon her motion, the BIA reissued its decision in December 2010, and we denied her subsequent petition for review in Li v. Att'y Gen. of the U.S., 432 F. App'x 137 (3d Cir. 2011).

More than a year later, Li filed a counseled motion to reopen with the BIA. She stated that she converted to Christianity in 2011, and that the Chinese government had increased its persecution of members of unregistered Christian groups between 2008 and 2011. In denying her motion, the BIA found that Li's evidence neither demonstrated that she will suffer persecution upon her return to China, nor established a change in country conditions. Therefore, the BIA determined that Li lacked a basis for filing her motion to reopen after the 90-day deadline for motions to reopen had passed. The BIA further declined to exercise its authority to sua sponte reopen Li's proceedings. Through counsel, Li filed a timely petition for review.[1]

---

[1] We lack jurisdiction to review the portion of the BIA's decision that denied sua sponte reopening. See Pllumi v. Att'y Gen. of the U.S., 642 F.3d 155, 159 (3d Cir. 2011).

II.

We have jurisdiction under 8 U.S.C. § 1252, and we review denials of motions to reopen under a deferential abuse of discretion standard.[2] See Sevoian v. Ashcroft, 290 F.3d 166, 170, 174 (3d Cir. 2002). "Discretionary decisions of the BIA will not be disturbed unless they are found to be 'arbitrary, irrational or contrary to law.'" Tipu v. I.N.S., 20 F.3d 580, 582 (3d Cir. 1994) (citations omitted). A motion filed more than 90 days after the final decision of the BIA cannot be entertained unless it "is based upon changed country conditions proved by evidence that is material and was not available and could not have been discovered or presented at the previous proceeding." Pllumi v. Att'y Gen. of the U.S., 642 F.3d 155, 161 (3d Cir. 2011). A renewed asylum application based on changes in personal circumstances filed outside of the 90-day window must be accompanied by a motion to reopen that successfully shows changed country conditions. Liu v. Att'y Gen. of the U.S., 555 F.3d 145, 150 (3d Cir. 2009).

Li does not dispute that her motion to reopen was filed more than 90 days after the BIA's final decision. Rather, Li asserts that the BIA abused its discretion in denying her motion to reopen because it selectively considered the evidence to find that Li failed to establish changed country conditions. We have stated that the BIA is required to

---

[2] Because we find that the BIA's decision was not arbitrary, irrational, or contrary to law, we do not reach the BIA's alternative determination that Li did not establish a prima facie case for asylum relief. See Sevoian, 290 F.3d at 169-70 (3d Cir. 2002) (stating the BIA may deny a motion to reopen in asylum cases where it determines that "the movant would not be entitled to the discretionary grant of relief") (quoting INS v. Abudu, 485 U.S. 94, 105 (1988)).

3

consider the evidence of changed country conditions presented by a party, and that the BIA "should provide us with more than cursory, summary or conclusory statements, so that we are able to discern its reasons for declining to afford relief to a petitioner." Zheng v. Att'y Gen. of the U.S., 549 F.3d 260, 268 (3d Cir. 2008) (quoting Wang v. BIA, 437 F.3d 270, 275 (2d Cir. 2006)). But it need not "parse or refute on the record each individual argument or piece of evidence offered by the petitioner." Id. Here, the BIA reviewed, among other evidence that Li submitted, Li's baptism certificate, a letter from a church in the United States, and excerpts from U.S. Department of State country and International Religious Freedom reports, China Aid Association reports, and research articles. The BIA then cited the 2009 U.S. Department of State country report on China, and the 2009 and 2010 International Religious Freedom Reports to support its finding that Li's evidence was inadequate to establish her eligibility for asylum or demonstrate the existence of changed country conditions.[3]

To the extent that Li argues the BIA erred by failing to find the existence of changed country conditions, we find that the BIA's determination was reasonable in light of the evidence before it. The 2009 and 2010 International Religious Freedom Reports establish that the practice of Christianity in China is restricted to those churches registered with the government. In those years, leaders and members of unregistered churches faced detention for activities related to their religious practice. The BIA

---

[3] We note that, as the BIA found, Li's conversion to Christianity constitutes a change in personal circumstances rather than country conditions. See Liu, 555 F.3d at 150.

therefore reasonably concluded that Li did not establish changed country conditions sufficient to justify an exception to the time and number limitations on filing a motion to reopen.

After reviewing the record, it does not appear that the BIA's decision was arbitrary, irrational, or contrary to law. Accordingly, we will deny the petition for review.